UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENGINEERED MEDICAL SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.1:05-cv-0170-DFH-TAB |
| GEORGE M. DESPOTIS, M.D., | ) ) ) | |
| Defendant. | ) | |

ENTRY ON PLAINTIFF'S MOTION TO DEPOSIT DISPUTED FUNDS

Plaintiff Engineered Medical Systems, Inc. ("EMS") has moved pursuant to Rule 67 of the Federal Rules of Civil Procedure for leave to deposit $99,528.90 with the court. EMS contends that this figure represents an amount of funds in dispute in this case. Defendant George M. Despotis, M.D., opposes the motion. For the reasons explained below, EMS's motion is denied in part and granted in part.

*Factual Background*

This case involves a dispute over a patent licensing agreement between EMS and Dr. Despotis. Dr. Despotis holds a patent for an endotracheal intubation device. In 1996, in exchange for royalty payments, Dr. Despotis granted EMS an exclusive license to make or sell products using his patent. Section 10.01 of the

license allows EMS to reduce its royalty payments by as much as 50 percent in the event that EMS pays third parties to settle or satisfy claims of patent infringement.

In 1999, EMS entered into a cross-license agreement with Nellcor Puritan Bennett, Inc. ("NPB").  EMS and Dr. Despotis amended their license agreement to provide:

> Notwithstanding the provisions of 10.01, EMS shall have no right to offset any costs or expenses together with any legal fees, liabilities or other claims associated with entering into a cross-license agreement with NPB against royalties payable to Despotis under this Agreement or arising from any claim relating to the consent granted by Despotis or any activities undertaken by or under the direction of EMS relating to the NPB cross-license agreement.

Section 10.05.  EMS alleges that it later began producing and selling medical devices under the Despotis license, and then was sued by NPB for infringing two of its patents.  The NPB suit claimed that EMS's activities were not covered by the 1999 cross-license.  EMS and NPB settled the lawsuit by executing an amended cross-license in September 2003.

In January 2005, counsel for Dr. Despotis sent EMS a written notice of default on the parties' license agreement.  Shortly thereafter, EMS tendered a check to Dr. Despotis for the full amount of royalties due for the 2003/2004 contract year ($106,384.05), without taking a deduction under Section 10.01 for payments made to NPB.  However, it paid half of that amount "under protest."

EMS then filed this action seeking a return of half of the royalties for 2003/2004 and a declaratory judgment that it could reduce royalty payments to Dr. Despotis for the remainder of the contract term.  The court previously denied Dr. Despotis's motion to dismiss or transfer venue.  See Docket No. 36.  On the merits, EMS's claim centers on the proper interpretation of the licensing agreement, and in particular the effects of the original provision for set-off of other patent royalties and the 1999 amendment specific to NPB.[1]

In this motion, EMS seeks to deposit funds with the court to prevent overpayment to Dr. Despotis in the event that the court ultimately finds for EMS on the merits.  For the contract year 2004/2005, EMS has not paid any of the royalties that were due to Dr. Despotis by January 30, 2006.  Without a deduction under Section 10.01, the amount owed is $99,528.90.  Quinn Second Dec. ¶ 2.  EMS concedes that it owes Dr. Despotis 50 percent of this amount.  Pl. Br. at 2.  Nonetheless, EMS seeks to deposit the full amount with the court to prevent payment of the other 50 percent and, in effect, to off-set most of the funds it paid under protest for 2003/2004.

---

[1] Dr. Despotis identifies two additional provisions of the amended license agreement as relevant to the dispute.  See Def. Resp. Br. at 2.  According to Dr. Despotis, Section 10.06 states:  "The grant of the cross license to NPB shall have no effect on EMS's obligation to pay royalties for Licensed Device under Section 3.02 of the Agreement. . . ."  According to Dr. Despotis, Paragraph 6 states: "EMS represents that there are no other offsets applicable to the payment of royalties to Despotis relative to licensed devices as of the date hereof, and each party acknowledges to the other that as of the date hereof, they have no knowledge of any defaults by the other under the terms of the Agreement."

*Analysis*

Rule 67 of the Federal Rules of Civil Procedure provides in part:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

The purpose of Rule 67 is to relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership. The Rule is invoked most frequently in cases of interpleader and tender of an undisputed sum. See 12 Wright & Miller, *Federal Practice & Procedure* § 2991 (1997 & Supp. 2005). Courts have held that Rule 67 "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties [or rights] of the parties." *LTV Corp. v. Gulf States Steel, Inc. of Alabama*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) (reversing order under Rule 67 that had effect of reducing contractual interest rate after default) (internal quotation and citations omitted), quoted by *United States v. Tully*, 288 F.3d 982, 987 (7th Cir. 2002) (upholding district court's decision to disburse proceeds from property deposited under Rule 67; noting that issue was whether claimants' *current* interests in the proceeds were superior to government's statutory lien and not whether claimants were entitled to equitable liens). The decision whether to allow a Rule 67 deposit lies within the discretion of the district court. *LTV Corp.*, 969 F.2d at 1063, citing *Gulf States Utilities Co. v. Alabama*

*Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987), *modified on other grounds*, 831 F.2d 557 (5th Cir. 1987).

Fifty percent of EMS's proposed deposit is not in dispute. EMS concedes that it owes Dr. Despotis $49,764.45 in royalties for the 2004/2005 contract year. What EMS seeks to do, however, is deposit with the court even this undisputed amount from 2004/2005 to off-set its earlier payment to Dr. Despotis of 100 percent of the amount he claimed as royalties for 2003/2004. Thus, as applied to the undisputed portion of the 2004/2005 royalties, EMS's motion is equivalent to a motion seeking to require *Dr. Despotis* to deposit funds with the court. The tactical and strategic benefits to EMS of such a maneuver are obvious. Rule 67, however, cannot be used to require *another* party to make an *involuntary* payment to the court, even when the payment is in dispute. See *Qwest Corp. v. City of Portland*, 204 F.R.D. 468, 470 (D. Ore. 2001) (denying Rule 67 motion by defendant municipalities to require plaintiff to deposit disputed franchise payments in court); see also *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (in action for money damages, district court does not have power to issue preliminary injunction freezing defendant's assets in which no lien or equitable interest is claimed). EMS may not use a procedural rule like Rule 67 to undo its previous election of a course of action under the agreement. *E.g.*, *Prudential Ins. Co. of America v. BMC Industries, Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986) ("As several courts have held, Rule 67 may not be used to effect a legal transfer of property between the litigants.").

On the other hand, 50 percent of the calculated 2004/2005 royalty payment is truly in dispute now.  Rule 67 permits a party to deposit disputed funds with the court despite retaining an interest in those funds.  See Fed. R. Civ. P. 67 advisory committee's notes on 1983 amendment ("[T]here are situations in which a litigant may wish to be relieved of responsibility for a sum or thing, but continue to claim an interest in all or part of it.  In these cases the deposit-in-court procedure should be available; in addition to the advantages to the party making the deposit, the procedure gives other litigants assurance that any judgment will be collectible.").

Under the plain language of Rule 67, the circumstances in which a party might be allowed to deposit money with the court are quite broad, as long as the money is truly in dispute.  In *Gulf States*, a purchaser of electricity sought to avoid its contractual obligations with the seller.  824 F.2d at 1469.  Shortly after filing suit, the plaintiff moved under Rule 67 to deposit the money due under its contracts with the court.  The district court granted the motion over the seller's objection.  The Fifth Circuit held that the district court had not abused its discretion by accepting the plaintiff's deposits.  824 F.2d at 1475.  The court distinguished cases where a purchaser affirms the contract, thereby retaining no interest in its owed payments so that they could not be considered truly in dispute.  See, *e.g.*, *Baxter v. United Forest Products Co., Inc.*, 406 F.2d 1120 (8th Cir. 1969) (reversing district court's order that installments due under contract be deposited with court where plaintiff complained that harsh forfeiture provisions

made rescission impractical and affirmed contract).  The *Gulf States* court also noted that the plaintiff in its case could have proceeded by breaching its contracts and withholding payment from both the defendant and the court, but it saw no reason to force the plaintiff to do so.

Similarly, in this case, the court sees no reason at this time to force EMS to choose between breaching its agreement (and risking termination)[2] or paying Dr. Despotis the 50 percent of royalties that are in dispute.  The parties have presented the court with a genuine dispute over the entitlement to 50 percent of the calculated royalties.  Without considering the merits of that dispute, the court concludes that EMS is entitled to deposit half of the 2004/2005 royalties with the court pending the outcome of this litigation.  See *Gulf States*, 824 F.2d at 1475 n.11 (noting that Rule 67 does not require that the moving party show likelihood of success on the merits before making a deposit with the court, but court may consider the depositor's chance for success on the merits in exercising its discretion).

The cases cited by Dr. Despotis in opposition to EMS's motion involved different circumstances and are not applicable here.  Dr. Despotis has not shown that a deposit of the disputed amount for contract year 2004/2005 would alter the

---

[2]According to Dr. Despotis, Section 5.03 of the license agreement grants him the right to terminate the agreement if EMS does not cure a default within 90 days after receiving notice of default.  On February 7, 2006, while this motion was pending, Dr. Despotis sent a written notice of default to EMS for the royalties owed for the calendar year 2004/2005.  See Def. Ex. A.

contractual relationship or legal rights of the parties.  Cf. *LTV Corp.*, 969 F.2d at 1063 (district court abused discretion by permitting purchaser of promissory note to deposit outstanding balance with court because deposit "effectively altered the terms of the contract" by substituting the market rate of interest for the higher default rate to which the parties had agreed in the note); *In re Dep't of Energy Stripper Well Exemption Litigation*, 124 F.R.D. 217, 221 (D. Kan. 1989) (denying Rule 67 motion where deposit would violate express terms of MDL settlement agreement that provided for established court escrow account); *Prudential Ins. Co.*, 630 F. Supp. at 1299-1300 (denying Rule 67 motion where plaintiffs seeking rescission of agreement moved to deposit interest payments received under agreement with court to avoid ratification while ensuring later availability of funds).

*Conclusion*

EMS's motion to deposit funds in the amount of $99,528.90 with the court pursuant to Rule 67 of the Federal Rules of Civil Procedure (Docket No. 42) is granted in part and denied in part.  EMS may deposit one-half of this amount ($49,764.45) with the court, because that figure represents the amount of royalties in dispute for the contract year 2004/2005.  The deposit shall be held in an interest-bearing account.

-8-

So ordered.

Date: April 14, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

R. Trevor Carter
BAKER & DANIELS
trevor.carter@bakerd.com

Jane A. Dall
BAKER & DANIELS
jane.dall@bakerd.com

Nancy G. Tinsley
BAKER & DANIELS
ngtinsle@bakerd.com

Mark J. R. Merkle
KRIEG DEVAULT
mmerkle@kdlegal.com

Greg A. Small
KRIEG DEVAULT
gs@kdlegal.com